UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **EVELYN COOPER**, *et vir*, | § § § § | |
| plaintiffs, | | |
| v. | § § | Case 1:22-cv-232 |
| **THE BANK OF NEW YORK MELLON,** as indenture trustee for Mid-State Capital Corporation 2010-1 Trust, | § § § § § § | |
| defendants. | § | |

## THE BANK OF NEW YORK MELLON'S REMOVAL NOTICE

The Bank of New York Mellon, as indenture trustee for Mid-State Capital Corporation 2010-1 Trust (**BoNYM**), removes Evelyn and Anthony Coopers' state court action to this court pursuant to 28 USC §§ 1332 and 1441.

### I.   STATEMENT OF THE CASE

1.   On February 11, 2022, the Coopers sued BoNYM in the case styled *Evenlyn Cooper, et vir v. The Bank of New York Mellon, as indenture trustee for Mid-State Capital Corporation 2010-1 Trust* and assigned case CV-22-14955 in the 1st district court of Newton County, Texas.  (orig. pet., **ex. 1**.)  They sue to enjoin BoNYM from conducting "any legal proceedings wherein plaintiffs would be removed from their GLO home constructed on their land in Newton County, Texas." (*Id*. at p. 4-5, **ex. 1**.)  The Coopers allege their home was severely damaged in 2017 by a storm.  (*Id*. at p. 2, **ex. 1**.)  As a result of the storm, the home was condemned and demolished and a new home was rebuilt in 2019-2020 by the Texas general land office.  (*Id*., **ex. 1**.)

2.   The Coopers claim Ms. Cooper contacted their lender, Shellpoint, to inform it the home was condemned and demolished and inquire about the balance due on the loan.  (*Id*. at p. 2-3, **ex. 1**.)  They allege Shellpoint told her "not to worry" and "someone would be getting back with her."

(*Id*. at p. 3, **ex. 1**.)  The Coopers contend no one ever got back to them about the property or the loan. (*Id*., **ex. 1**.)  They claim they learned the property was no longer in their names after they did not receive the 2021 tax statements and inquired with the tax office.  (*Id*., **ex. 1**.)

3.  The Coopers allege the foreclosure sale was "was not conducted under the proper procedure of the laws of the State of Texas."  (*Id*. at p. 3-5, **ex. 1**.)  They seek a declaration the sale was void, injunctive relief and court costs.  (*Id.* at 4-5, **ex. 1**.)

## II.   DIVERSITY JURISDICTION

4.  The court may exercise diversity jurisdiction pursuant to 28 USC § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.

**A.   The parties are citizens of different states.**

5.  The Coopers are citizens of Texas, where they reside.  (*Id*. at p. 1, **ex. 1**.); *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

6.  BoNYM is a Delaware and New York citizen.  BoNYM is sued in its capacity as indenture trustee for the Mid-State Capital Corporation 2010-1 Trust.  The trust is a traditional trust and BoNYM is an active trustee whose control over the assets held in its name is real and substantial.  As trustee, BoNYM's citizenship controls for diversity purposes. *Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 561 (N.D. Tex. 2009) ("The citizenship of a trust, for diversity jurisdiction purposes, is determined by the citizenship of its trustee.") (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980); *Bass v. Int'l Bhd. of Boilermakers*, 630 F.2d 1058, 1067 n.17 (5th Cir. 1980)).  BoNYM is a corporation organized under the laws of Delaware with its principal place of business in New York.  A corporation is a citizen both of the state in which it is incorporated and the state in which it maintains its principal place of business.  28 USC § 1332(c); *Hertz Corp. v. Friend*, 59 U.S. 77, 78 (2010) ("The phrase 'principal place of business' in §1332(c)(1) refers to the place

where a corporation's high-level officers direct, control, and coordinate the corporation's actions *i.e.* its 'nerve center' which will typically be found at its corporate headquarters.")

**B.      The amount in controversy exceeds $75,000.**

7.      When a defendant removes on the basis of diversity jurisdiction, the amount in controversy may be established by the specific "good faith" sum demanded by the plaintiff in its state court petition.  28 USC § 1446(c)(2).  If the plaintiff does not state the amount of damages it seeks, the burden falls on the defendant to prove the value of the plaintiff's claims.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  The removing defendant must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  This requirement can be satisfied if "(**1**) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (**2**) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id*.  (citing *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)).

8.      "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam); *see also Nationstar Mortg., LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009) ("[w]hen … a right to property is called into question in its entirety, the value of the property controls the amount in controversy") (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)).

9.      The object of this litigation—220 CR 1082 Wiergate, Texas 75977—is valued at $109,614 by the Newton Central Appraisal District.  (Newton appraisal dist. report, **ex. 15**.)  *See e.g.*, *Anderson v. Wells Fargo Bank, N.A.*, No. 4:12-cv-764, 2013 WL 1196535, at *3 (E.D. Tex. Feb. 22, 2013) ("The property at issue in this lawsuit has a current fair market value of $114,000, according

to the Denton County Central Appraisal District.  Therefore, Defendant has met its burden of establishing that the amount in controversy exceeds $75,000.")  The amount in controversy exceeds $75,000, and the court may exercise diversity jurisdiction.

### III.   PROCEDURAL REQUIREMENTS SATISFIED

10. Removal is timely under 28 USC § 1446(b) if it is filed within thirty days of the defendant's receipt of the complaint and summons. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (requiring formal service of process to trigger removal deadline).  BoNYM has not been formally served with a summons and the Coopers' petition, so this removal is timely.  Venue is proper in this court because the United States District Court for the Eastern District of Texas embraces the place in which the state court action was pending.  28 USC § 1441(a).  Notice has been sent to the state court regarding this removal.

11. Pursuant to 28 USC § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as **exhibits 1-12**.

### IV.   CONCLUSION

The parties are completely diverse, and the amount in controversy exceeds $75,000.  This court may exercise diversity jurisdiction over this action.

Date: May 31, 2022                                    Respectfully submitted,

    */s/ Michael J. McKleroy, Jr.*
Michael J. McKleroy, Jr.
SBN: 24000095, FBN: 576095
michael.mckleroy@akerman.com
 --*Attorney in Charge*
C. Charles Townsend
SBN: 24028053, FBN: 1018722
charles.townsend@akerman.com
Alfredo Ramos
SBN: 24110251, FBN: 3687680
fred.ramos@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR THE BANK OF NEW YORK MELLON, as indenture trustee for Mid-State Capital Corporation 2010-1 Trust**

## CERTIFICATE OF SERVICE

    A true and correct copy of this document was served on May 31, 2022 as follows:

Gary H. Gatlin
P.O. Box 1985
Jasper, Texas 75951
Telephone: 409.384.7433
Facsimile: 409.384.9899
ghgatlin@att.net
*Attorney for Plaintiffs*
**VIA CM/ECF AND
VIA CERTIFIED MAIL RECEIPT
NO. 9414 7266 9904 2186 4866**

    */s/Michael J. McKleroy, Jr.*
Michael J. McKleroy, Jr.