CV22-14955

Case 1:22-cv-00232-MJT    Document 3    Filed 05/31/22    Page 1 of 7 PageID #: 56

E-Filed for Record
2/11/2022 1:54 PM
Newton County District Clerk , TX
By: Nikcole Windham

IN THE DISTRICT COURT OF NEWTON COUNTY

STATE OF TEXAS

EVELYN COOPER, ETVIR §
§
§
VS. §        NO. _____
§
THE BANK OF NEW YORK MELLON, §
AS INDENTURE TRUSTEE FOR §
MID-STATE CAPITAL CORPORATION §
2010-1 TRUST §

CV22-14955

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Evelyn Cooper and husband, Anthony Cooper, hereinafter

called Plaintiffs, complaining of the Bank of New York Mellon as Indenture Trustee for

Mid-State Capital Corporation 2010-1 Trust, hereinafter called Defendant, and for cause

of action would respectfully represent unto the Court as follows:

I.

Discovery in this case is intended to be conducted under level 2 of Rule

190 of the Texas Rules of Civil Procedure.

II.

Plaintiffs are resident of Newton County, Texas.  Defendant is a non-

resident of the State of Texas, has now designated agent for service in the state of Texas,

however may be served with citation by serving the attorneys associated with the the

subject eviction proceedings, Jack O'Boyle & Associates, PLLC, Mr. Chris Ferguson,

P.O. Box 815369, Dallas, Texas 75381,email: eviction@jackoboyle.com.

1

III.

Plaintiffs are the owners of a 1.019 acre tract of land in Abstract 708, J. McGuire Survey, Newton County, Texas. In May, 2006, Plaintiffs had Jim Walter Homes, Inc. construct a home for them on the aforementioned tract of land. The construction contract as filed in Vol. 536, Page 282, of the Official Public Records of the County Clerk of Newton County, Texas. After construction was completed, Plaintiffs began residing in said house and continued to reside in said house until Hurricane Rita struck the area of Texas where said house was located. Plaintiffs' house was damaged, however Plaintiffs had said house repaired and continued to reside in said house.

In 2017, another storm hit the Texas/Louisiana area which included the area where Plaintiffs; house was located and they resided. Plaintiffs' home was so severely damaged that the house was condemned and as the result of said condemnation, Plaintiffs' house was demolished. Following the demolition of said house, Plaintiffs' were able to have a "GLO" home constructed on the above-referenced tract of land in 2019-20. Following the construction of their "GLO" home, Plaintiffs took possession of said home and have continued to reside in said home to the present day.

At the time that Plaintiffs' house was condemned and subsequently, demolished, Plaintiff, Evelyn Cooper, contacted Shellpoint, the lender for the financing for the home constructed by Jim Walter Homes. Ms. Cooper advised the representative for Shellpoint, that the home had been condemned, and as the result of said condemnation, the home had been demolished. The representative advised Ms. Cooper not to worry, that she would report the status of the home to her company, and that someone would be getting back with her. Ms. Cooper, also, advised the Shellpoint

representative that she knew there was still money owed on the financing that had been made for the financing of the Jim Water Home, to which the representative advised, not to worry that someone would be getting back in touch with her.

When Plaintiffs did not receive the tax statements from the Newton County taxing authorities for the 2021 taxes, Plaintiff, Evelyn Cooper, contacted the taxing authorities and was told that the land was no longer in their names, it was in the name of some company called " Mellon"; upon further investigation Plaintiffs learned that their land had been foreclosed on and it was no longer owned by them.

Plaintiffs would allege that subsequent to the call made to Shellpoint in 2019-20, and was told by the Shellpoint representative that not to worry about the fact that their home had been condemned and subsequently demolished, that someone from their company would get back with them, no one from Shellpoint nor anyone else connected with Jim Walter Homes nor any lender associated with said construction and financing ever contacted Plaintiffs about their home, land or the financing or same.

Although Plaintiffs have resided on the land heretofore referenced since 2006, and had the same mailing address of P.O. Box 231, Wiergate, Texas, no one has ever contacted Plaintiffs regarding the financing, or any foreclosure on the subject property.  Plaintiff have now been served with eviction papers for an eviction proceeding filed in JP Court, Precinct 2, Place 1, Newton County, Texas, for Monday, February 14, 2022 at at 10:00 a.m.

IV.

Plaintiffs would request the Court to find that any foreclosure proceeding previously conducted regarding their above-referenced property, was not conducted

under the proper procedure of the laws of the State of Texas., that said sale is void and that the subject property is still the property of Plaintiffs.

V.

Plaintiffs would request the Court immediately grant a temporary restraining order restraining Defendant, its agents, servants, and employees from conducting an eviction proceedings or asking any legal authority to conduct any legal proceedings wherein Plaintiffs would be removed from their GLO home constructed on their land in Newton County, Texas.  Plaintiffs would allege that if said restraining order is not granted, that Defendant will ask the Court to conduct legal proceedings and evict Plaintiffs from their GLO home and the subject premises, to which Plaintiffs will suffer immediate and irreparable injury, loss or damage.  Plaintiffs would further request that following the entry of a temporary restraining order, that the Court enter, after notice and hearing, a temporary injunction and that upon final hearing, the Court enter a permanent injunction enjoining Defendant from the acts as set forth herein.

WHEREFORE, premises considered, Plaintiffs pray that Defendant be cited to appear and answer herein, that a temporary restraining order be entered restraining Defendant, its agents, servants and employees from conducting an eviction proceedings or asking any legal authority to conduct any legal proceedings wherein Plaintiffs would be removed from their GLO home constructed on their land in Newton County, Texas; that upon hearing, a temporary injunction be granted; that upon final hearing, the Court find any foreclosure sale conducted relating to the Plaintiffs and their premises was not conducted under the procedure as prescribed by the State of Teas, that

4

any such sale be declared void, and that the subject property is still owned by Plaintiffs;

for costs of court and for such other and further relief to which Plaintiffs may show

themselves justly entitled at law in or equity.

Respectfully submitted,

Gary H. Gatlin
SBN: 07757900
P. O. Box 1985
Jasper, Texas 75951
Email: ghgatlin@att.net
(409) 384-7433
(409) 384-9899 - Fax

AFFIDAVIT

STATE OF TEXAS                              §

COUNTY OF NEWTON                            §

On this day, personally appeared Evelyn Cooper, who, by me duly sworn, stated under oath as follows:

"My name is Evelyn Cooper. I am one of the Pleaintiffs in the above-referenced case.

"I reside in a home on a 1 acre tract of land in Wiergate, Texas, the tract of land previously contained a home that Jim Walter Homes, Inc. built for me and my husband in 2006. The house that Jim Walter Home built for me was damage when Hurricane Rita hit in approximately 2009. We had the home repaired and continued living in the house. Then in 2017 another storm came through our area and severely damaged our home. the home was condemned as uninhabitable in 2019 and the home was demolished, After the home was demolished, we had a "GLO" home built on our one acre tract in 2019-2020, and we have continued to reside in that GLO home since 2020.

"When our hoe was condemned in 2019 and demolished, I contacted Shellpoint, the Lender on the home that Jim Walter Homes built for us in 2006. I told the lady that I spoke to that the home had been condemned, and as the result of the condemnation, had been demolished. I , also, told her that I knew there still was money owed on the house but that the house was no longer there, The Shellpoint representative said not to worry, that she would report this to her company, and that someone would get back with us.

"When I did not get my 2021 tax statement from the taxing authorities, I contacted the taxing authorities to try and get my tax statement, and was told that our land was no longer in our name, that it was in the name of a company that had the name of "Mellon" in it. The next thing I knew, I was getting served with eviction papers from our home.

"At no point between 2019, when I notified Shellpoint that the house Jim Walter Homes built for us had been condemned and subsequently demolished, did I ever hear back from Shellpoint or anyone else who was claiming to be associated with the financing on our home.. Neither I nor my husband never received any Notice of Trustee's Sale or any notice that our home was being foreclosed on.

SIGNED on this the 11th day of February, 2022.

_Evelyn Cooper_

Evelyn Cooper

SWORN TO AND SUBSCRIBED before me by Evelyn Cooper on this the 11th day of February, 2022, to certify which witness my hand and seal of office.

_Gary H. Gatlin_

Notary Public, State of Texas

GARY H GATLIN
Notary Public, State of Texas
My Commission Expires
February 07, 2024
NOTARY ID 404801-5